**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JESUS J SALINAS, LAURA SALINAS, | § | |
| *Plaintiffs* | § | |
| | § | SA-23-CV-01518-XR |
| -vs- | § | |
| | § | |
| LAKEVIEW LOAN SERVICING; AND | § | |
| LOANCARE, LLC; | § | |
| *Defendants* | § | |

## ORDER

On this date, the Court considered Defendants Lakeview Loan Servicing, LLC and Loancare, LLC's motion for judgment on the pleadings (ECF No. 11).[1] After careful consideration, the Court issues the following order.

## BACKGROUND

Plaintiffs Jesus Salinas and Laura Salinas seek to stop Defendants Lakeview Loan Servicing, LLC ("Lakeview") and Loancare, LLC ("Loancare") (collectively, the "Defendants") from foreclosing on the property located at 8123 Setting Moon, San Antonio, Texas 78255 (the "Property"). ECF No. 1-4 at 2–3. On or about April 7, 2014, Plaintiffs executed a deed of trust in favor of Castle & Cooke Mortgage, LLC. EF No. 11 at 2. That deed of trust secured a loan in the amount of $258,088.00 for Plaintiffs' purchase of the Property. *Id.* Lakeview is the current assignee of the loan, and Loancare is currently acting as sub-servicer. ECF No. 11-2. Plaintiffs fell

---

[1] Plaintiffs have failed to respond to the Defendants' Motion, and the deadline to do so has now passed. Although Plaintiff did not file a response or inform the Court that the Motion is unopposed as required by Local Rule CV-7(d), the Court will not treat the Motion as unopposed. Rather, Defendants' Motion will be evaluated on the merits—as it must. *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) ("The Federal Rules of Civil Procedure, however, do not, by their own terms, require a party to file a response in opposition to a motion to dismiss. *See* FED .R. CIV. P. 12. Accordingly, the district court improperly granted the motion to dismiss for failure to state a claim solely because the Webbs failed to oppose the motion."); *Ramirez v. United States*, 410 F. Supp. 3d 824, 830 n.1 (S.D. Tex. 2019) ("The Court, however, may not simply grant a motion to dismiss as unopposed; it must consider the merits of the motion.").

behind on their payments on the loan. ECF No. 1-4 at 3, 8–9. As a result, Defendants sought to foreclose on the Property, and set a foreclosure sale of the Property for November 7, 2023. *Id.* at 2-7.

On November 3, 2023, Plaintiffs filed their original petition and application for temporary restraining order in state court, alleging they had "not received legal notice and communication from Defendants" nor had "they received any response to their request to secure the payoff amount owed to satisfy all amounts owed the Defendant." *Id.* at 3.

Based on these allegations, Plaintiffs alleged a number of claims: breach of contract, fraud, lack of good faith, and violations of the Texas Property Code. *Id.* at 5. On November 3, 2023, the state court issued a TRO preventing the foreclosure sale. *Id.* at 12–14. On December 15, 2023, Defendants removed the action to this Court on the basis of diversity jurisdiction. ECF No. 1. Defendants now move for judgment on the pleadings, arguing that Plaintiffs' petition fails to allege any viable claims. ECF No. 11 at 2–3.

## DISCUSSION

### I.    Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Judgment on the pleadings is only appropriate when "the material facts are not in dispute, and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2009). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery.") (internal quotation marks and citations omitted).

"Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Schnurr v. Preston*, No. 5:17–CV–512–DAE, 2018 WL 8584292, at *3 (W.D. Tex., May 29, 2018). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the

statements were made, and explain why the statements were fraudulent." *Williams v. VMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). "Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

4

## II.    Analysis

### a.    Breach of Contract

In Texas, a claim for breach of contract requires "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.— Houston 2005, pet. denied)); *see also Villarreal v. Wells Fargo Bank*, N.A., 814 F.3d 763, 767 (5th Cir. 2016). As a matter of law, a party that materially breaches a contract cannot bring a breach of contract claim on that same contract. *See Villarreal v. Wells Fargo Bank*, N.A., 814 F.3d 763, 767 (5th Cir. 2016) (noting a party to a contract in default cannot maintain a claim for the breach). Here, Plaintiffs failed to make mortgage payments on the loan. ECF No. 1. This dooms Plaintiffs' claim. *See U.S. Bank Nat'l Ass'n v. Lewis*, No. SA-16-CV-344-XR, 2018 WL 3468380, at *5 (W.D. Tex. July 17, 2018) (holding a party in breach is precluded from bringing a breach of contract claim).

Further, Plaintiffs' state court petition fails to identify any specific clause in the deed of trust that Defendants breached when Plaintiffs did "not receive[] legal notice and communication from Defendants" or "any response to their request to secure the payoff amount owed to satisfy all amounts owed the Defendant." *See* ECF No. 1-4 at 2–7. This failure also dooms their claim. *See Mae v. U.S. Prop. Solutions, L.L.C.*, CIV.A. H–08–3588, 2009 WL 1172711, at *2 (S.D.Tex. Apr.28, 2009).

In addition, Plaintiffs' breach of contract claim fails for another reason. Under Texas law, a showing of actual damages is required to maintain a breach of contract claim. *See CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 278 (5th Cir. 2009) (explaining a breach of contract claim

cannot stand where damages are "remote, contingent, speculative, or conjectural"). Here, Defendants have yet to foreclose the property. ECF No. 1-4 at 12–14. Plaintiffs still maintain title, and the property has not been dispossessed. *Id.* Therefore, Plaintiffs have not alleged any actual damages for their claim, and Plaintiffs' breach of contract claim fails.

### b. Fraud

To pursue a claim of fraud in federal court, a party must comply with the requirements of Rule 9(b) of the Federal Rule of Civil Procedure and "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The minimum requirements of the heightened pleading under Rule 9 have been specified. *See U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (holding for a fraud claim to stand, a plaintiff, at a minimum, must provide "the who, what, when, where, and how"). For a fraud claim under Texas law, a plaintiff must allege: "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

Here, Plaintiffs allege that Defendants failure to "make an effort to reinstate, refinance or modify their mortgage" constituted fraud. ECF No. 1-4 at 5. Yet, Plaintiffs failed to allege any affirmative misrepresentations were made, that the representation was false, or Defendants knew the statements were false. A general assertion of fraud is insufficient and fails to meet the requirements of Rule 9. ECF No. 1-4 at 5. As such, Plaintiffs claim of fraud fails.

### c.  Lack of Good Faith

The Texas Supreme Court has held that there is not an implied duty of good faith in all contracts. *See English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983) (refusing to impose an implied duty in every contract). A duty of good faith does not generally exist between a mortgagor and mortgagee absent a special relationship or express language in the deed of trust. *Thomas v. EMC Mortg. Corp.,* 499 F. App'x 337, 341 (5th Cir. 2012) (citing *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-709 (Tex. 1990)); *see also*, *Lovell v. W. Nat. Life Ins. Co.,* 754 S.W.2d 298, 302 (Tex. App. 1988) ("The duty of good faith and fair dealing does not exist in Texas unless intentionally created by express language in a contract or unless a special relationship of trust and confidence exists between the parties to the contract.").

Here, Plaintiffs allege Defendants owed them a duty of good faith to timely "make an effort to reinstate, refinance, or modify their mortgage note" and "to communicate and cooperate with Plaintiffs." ECF No. 1-4 at 4–5. However, Plaintiffs do not allege they had a special relationship with Defendants. *See generally id.* Nor do Plaintiffs point to any express language in the deed of trust supporting such a duty of good faith. *Id.* Accordingly, Plaintiffs claim for lack of good faith fails.

### d.  Texas Property Code

Plaintiffs' claims under the Texas Property Code also fail as a matter of law. Courts have not recognized a private right of action under section 51.002 of the Texas Property Code. *Hayes v. Bank of Am., N.A.*, No. 3:19-CV-02929-G-BT, 2020 WL 3065936, at *3 (N.D. Tex. May 15, 2020) ("And this Court has previously held that § 51.002 does not provide for an independent cause of action."). Nonetheless, to the extent the Court construes Plaintiffs' claim as on for wrongful foreclosure under Texas law, that claim would fail. For a wrongful foreclosure claim, the

plaintiff must show  (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the two. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Further,  Texas law does not recognize claims for *attempted* wrongful foreclosure. *James v. Wells Fargo Bank, N.A.*,533 F. App'x 444, 446-47 (5th Cir. 2013).

Here, the foreclosure sale was scheduled for November 7, 2023. Plaintiffs obtained a TRO on November 3, 2023, preventing the sale. Plaintiffs' claim for wrongful foreclosure fails because there was no actual foreclosure sale of the Property. ECF No. 1-4 at 3–4, 12–14. And since Texas does not recognize an action based on attempted wrongful foreclosure, Plaintiffs' claim must be dismissed.

### e.  Injunctive Relief

Lastly, under Texas law, where there is no underlying cause of action, a request for injunctive relief cannot granted. *See Smith v. Wells Fargo Bank, N.A.,* 2014 WL 3796413, at * 2 (S.D. Tex. July 31, 2014) (holding injunctive relief is not an independent cause of action, it is dependent on a viable substantive claim). Because Plaintiffs failed to properly allege any underlying substantive claims, their request for injunctive relief also fails.

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings (ECF No. 11) is **GRANTED**, and Plaintiffs' claims with respect to all Defendants are **DISMISSED WITH PREJUDICE**. A final judgment pursuant to Rule 58 will issue separately.

It is so **ORDERED**.

**SIGNED** this 29th day of August, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE